USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 2 0 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

ZIMMIAN TABB,

                Plaintiff,

-against-

AUSTIN HIERONYMI P.O., MEIYUE GONG,
P.O. SGT., SGT. ARIANA ESTEBAN, *Supervisor*,
and SGT. RONZINO, *of the 47th Pct.*,

                Defendants.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

17 Civ. 4448 (GBD) (GWG)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Zimmian Tabb, *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against Police Officer Austin Hieronymi, Sergeant Meiyue Gong, Sergeant Ariana Esteban, and Sergeant Salvatore Ronzino of the New York City Police Department ("NYPD"), alleging that Defendants unlawfully arrested him, searched his vehicle, and strip searched him in violation of his Fourth Amendment rights. (*See* Compl., ECF No. 2.) Defendants move, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment dismissing Plaintiff's complaint. (*See* Mot. for Summ. J., ECF No. 28.)

This matter was referred to Chief Magistrate Judge Gabriel W. Gorenstein for general pretrial supervision, as well as to report and recommend on any dispositive motions. (*See* Amended Order of Reference dated November 21, 2017, ECF No. 19.) Before this Court is Chief Magistrate Judge Gorenstein's August 17, 2018 Report and Recommendation, (the "Report," ECF No. 42), recommending that this Court grant Defendants' motion for summary judgment because, among other things, Defendants had probable cause to arrest Plaintiff and search his vehicle at that location. (*Id.* at 7, 12, 14.)

In his Report, Chief Magistrate Judge Gorenstein advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 14.) No objections have been filed.

Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full and GRANTS Defendants' motion for summary judgment.

## I. FACTUAL BACKGROUND[1]

In the early morning hours of August 13, 2016, the NYPD received a 911 call, reporting that shots had been fired at or near East 217th Street and White Plains Road in the Bronx. (Report at 2.) The caller indicated that the perpetrator was wearing a grey t-shirt and grey shorts, carrying a black firearm, and driving a white BMW with a possible license plate of HAV1389 or HAV1839. (*Id.*)

Defendants Hieronymi and Gong responded to the 911 call and stopped a white BMW bearing the license plate HAV1839 on East 217th Street and Bronxwood Avenue. (*Id.*; Compl. at 4.) Inside the car were two individuals; one was Plaintiff and the other was a passenger wearing grey shorts and a grey "t-shirt or tank top." (Compl. at 4; Report at 2.) After a brief investigation, Hieronymi discovered outstanding warrants for both Plaintiff and the other individual. (Report at 2.) Plaintiff, however, contends that there was not an open warrant for his arrest at that time. (Compl. at 5.)

Hieronymi searched the vehicle on the street, but did not find any contraband. (Report at 2–3.) Nevertheless, Hieronymi arrested Plaintiff based on what he perceived to be an active warrant and brought the vehicle back to the police precinct to determine the identity of its owner. (*Id.* at 3.)

---

[1] The procedural and factual background is set forth in greater detail in the Report and is incorporated by reference herein.

2

A subsequent search of the vehicle at the precinct uncovered seventy-five bags of crack cocaine and one bag of marijuana.[2] (*Id.*)

## II. LEGAL STANDARDS

### A. Reports and Recommendations

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

### B. Summary Judgment

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material when "it 'might affect the outcome of the suit under the governing law.'" *Gayle*, 313 F.3d at 682 (quoting *Anderson*, 477 U.S. at 248).

The party seeking summary judgment has the burden of demonstrating that no genuine issue of material fact exists. *See Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002). In turn, to defeat a motion for summary judgment, the non-moving party must raise a genuine issue of material fact. To do so, the non-moving party "must do more than simply show that there is some

---

[2] This second search at the precinct was a lawful inventory search and is not the subject of Plaintiff's unlawful search claim.

3

metaphysical doubt as to the material facts," *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)), and it "may not rely on conclusory allegations or unsubstantiated speculation," *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998)). Rather, the non-moving party must produce admissible evidence that supports its pleadings. *See First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289–90 (1968). In this regard, "[t]he 'mere existence of a scintilla of evidence' supporting the non-movant's case is also insufficient to defeat summary judgment." *Niagara Mohawk Power Corp. v. Jones Chem., Inc.*, 315 F.3d 171, 175 (2d Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

In determining whether a genuine issue of material fact exists, the court must "construe[] the evidence in the light most favorable to the non-moving party" and "draw[] all inferences in [that party's] favor. *See Niagara*, 315 F.3d at 175. The court's task is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. Summary judgment is therefore "improper if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party." *Marvel*, 310 F.3d at 286.

### III. SUMMARY JUDGMENT IS GRANTED

The Report construes Plaintiff's complaint as asserting claims against Defendants Hieronymi and Gong for violating Plaintiff's Fourth Amendment rights by unlawfully arresting him based on what appeared to be an open warrant and searching his vehicle.[3] (*See* Report at 6.) In papers

---

[3] As the Report correctly found, Plaintiff's claims against Defendants Esteban and Ronzino must be dismissed because Plaintiff fails to allege that they were personally involved in any of the conduct giving rise to Plaintiff's claims. (*See* Report at 6–7; *see also Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013) ("It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation.") (citations omitted).

4

in opposition to Defendants' motion for summary judgment, Plaintiff also suggests that Defendants unlawfully subjected him to a strip search. (*Id.*)

As the Report correctly found, none of Plaintiff's claims survive summary judgment.

### A. Unlawful Arrest Claim

It is well established that the existence of probable cause defeats a claim for false arrest. *See Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995). "Probable cause to arrest exists when the officers have knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." *Zellner v. Summerlin*, 494 F.3d 344, 368 (2d Cir. 2007) (citations omitted). "Whether or not probable cause existed may be determinable as a matter of law if there is no dispute as to the pertinent events and the knowledge of the officers." *See Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996), (citation omitted).

The probable cause analysis is an objective one, *Zellner*, 494 F.3d at 368, and takes into account "the facts known to the arresting officer at the time of the arrest." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004) (emphasis added). Thus, "[w]hen an officer learns from a computer database . . . that a person is the subject of an outstanding arrest warrant, probable cause exists to arrest that person[,]" even if the warrant later turns out to be invalid. *United States v. Miller*, 265 F. App'x 5, 7 (2d Cir. 2008) (citing *United States v. Santa*, 180 F.3d 20, 27 (2d Cir. 1999)); *see also Willis v. City of N.Y.*, No. 12-CV-5259 (RA), 2015 WL 556884, at *5 (S.D.N.Y. Feb. 9, 2015) ("Officer['s] discovery of [a] bench warrant provided probable cause to arrest for an open warrant, even though, unknown to her at the time, the warrant had been vacated earlier that day.")

Plaintiff argues that his arrest was unlawful because he was arrested pursuant to a warrant that should have been vacated. (*See* Letter to the Court from Plaintiff dated Mar. 18, 2018 ("Pl.'s Letter"), ECF No. 27, at 3–4.) In support of his position, Plaintiff submits a number of documents purportedly

5

showing that the warrant should have been resolved long before his August 13, 2016 arrest. (*See* Pl.'s Letter at 6–10.) However, as the Report correctly found, it was reasonable for the defendant officers to rely on the computer database that showed an open warrant for Plaintiff, even if Plaintiff is ultimately correct that the warrant should have been closed years before. (Report at 10–11); *see Santa*, 180 F.3d at 27; *Willis*, 2015 WL 556884, at *5. Indeed, Plaintiff's papers submitted in opposition to Defendants' motion show that computer records *still* indicated such an active warrant well after his August 13, 2016 arrest. (*See* Report at 10; Pl.'s Letter at 8.)

Because Defendants Hieronymi and Gong had probable cause to arrest Plaintiff on the open warrant, Plaintiff's false arrest claim is DISMISSED. (Report at 11–12.)

**B. Unlawful Search Claim**

The Report also correctly found that Hieronymi and Gong had probable cause to search the vehicle. (Report at 12.) Absent a few well-established exceptions, warrantless searches are per se unreasonable under the Fourth Amendment. *Katz v. United States*, 389 U.S. 347, 357 (1967). One such exception, commonly referred to as the automobile exception, allows officers to search readily mobile vehicles if the officer has probable cause to "believe it contains contraband." *Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996). Defendants had such probable cause here.

It is undisputed that in the early morning hours of August 13, 2016, the NYPD received a 911 call, reporting shots fired at or near East 217th Street and White Plains Road in the Bronx. (Report at 2.) It is further undisputed that the caller identified the perpetrator as wearing a grey t-shirt and grey shorts, carrying a black firearm, and driving a white BMW with a possible license plate of HAV1389 or HAV1839. (*Id.*) Defendants Hieronymi and Gong responded to that call and stopped a white BMW bearing the license plate HAV1839 on East 217th Street and Bronxwood Avenue. (*Id.*; Compl. at 4.) Inside the car were two individuals; one was Plaintiff, and the other was a passenger wearing grey shorts and a grey "t-shirt or tank top." (Compl. at 4; Report at 2.) These facts reasonably

led the defendant officers to believe that contraband, namely the firearm used in the reported shooting, would likely be found in the vehicle. Therefore, the Report correctly found that Defendants conducted a lawful search of the vehicle. (Report at 12–13.)

Accordingly, Plaintiff's unlawful search claim is DISMISSED.

### C. Alleged Strip Search

Plaintiff alleges in his response to Defendants' motion for summary judgment that Defendants also subjected him to a strip search in the 47th Precinct's bathroom after Plaintiff was arrested. (Pl.'s Letter at 3.) However, as the Report correctly found, Plaintiff did not assert this claim in his complaint, (Report at 13), and it is well settled that a party "may not raise new claims for the first time in opposition to summary judgment." *Brandon v. City of New York*, 705 F. Supp. 2d 267, 278 (S.D.N.Y. 2010) (citations omitted). Accordingly, Plaintiff's unlawful strip search claim is DISMISSED.

## IV. CONCLUSION

Defendants' motion for summary judgment, (ECF No. 28), is GRANTED.[4]

Dated: New York, New York
September 20, 2018

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

---

[4] Plaintiff asks this Court to appoint counsel to represent him. (Pl.'s Letter at 1.) A court has no authority to "appoint" counsel, but instead may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–10 (1989). For the reasons articulated herein, Plaintiff has failed to show that any of his claims have merit. Accordingly, Plaintiff's request that this Court seek volunteer counsel to represent him is DENIED.